UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROBERT HOWARD (#80968)

VERSUS                                              CIVIL ACTION

KATHLEEN B. BLANCO, ET AL                           NUMBER 06-612-RET-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, May 14, 2008.

                                  STEPHEN C. RIEDLINGER
                                  UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROBERT HOWARD (#80968)

VERSUS

KATHLEEN B. BLANCO, ET AL

CIVIL ACTION

NUMBER 06-612-RET-SCR

MAGISTRATE JUDGE'S REPORT

Before the court are the defendants' motions to dismiss. Record document numbers 26 and 28.  The motions are opposed.[1]

Plaintiff Robert Howard, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against former Gov. Kathleen B. Blanco, former Louisiana Department of Public Safety and Corrections Secretary Richard L. Stalder, Warden N. Burl Cain, and Louisiana Pardon Board Chairman Ronald Cox.  Plaintiff alleged that the retroactive application of the 1974 Louisiana Constitution and the repeal of LSA-R.S. 15:571.7 violate the ex post facto clauses of both the United States and Louisiana constitutions.

Defendants Kathleen Blanco, Richard Stalder and Burl Cain moved to dismiss the complaint for failure to state a claim upon

---

[1] Record document number 29. Plaintiff's pro se response was directed at the motion filed by defendant Kathleen Blanco.  The court will consider his response as an opposition to the motion filed by defendants Richard Stalder and Burl Cain as well.  After the plaintiff filed his response, counsel enrolled to represent the plaintiff.  No supplemental response or other opposition to the defendants' motions has been filed, nor has counsel requested additional time to do so.

which relief can be granted under to Rule 12(b)(6), Fed.R. Civ. P.

### A.    Failure to State a Claim

Under Rule 8(a)(2), Fed.R.Civ.P., a complaint must only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, — U.S. —, —, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the ground upon which it rests." *Id*. (quoting *Bell Atl. Corp. v. Twombly*, — U.S. —, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007).[2]

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson*, 127 S.Ct. at 2200; *see also Twombly*, 127 S.Ct. at 1965. "A document filed *pro se* is to be liberally construed ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 127 S.Ct. at 2200

---

[2] *Twombly* held that in some cases a plaintiff must plead particular facts in his complaint.  127 S.Ct. at 1965.  In *Erickson*, decided two weeks after *Twombly*, the Supreme Court clarified *Twombly* by holding that a prisoner bringing a § 1983 claim against prison officials is not required to state specific facts in his complaint; *Erickson*, 127 S.Ct. at 2200, and *Twombly* itself, 127 S.Ct. at 1973 n.6., suggests that the holding in *Twombly* may be limited to cases likely to produce "sprawling, costly, and hugely time-consuming" litigation.  This case involves a § 1983 claim with a narrow range of factual disputes, not a complex suit likely to produce sprawling discovery.  Accordingly, this case is governed by the Supreme Court's decision in *Erickson*.

(citations omitted).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S.Ct. at 1974. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 1965 (quotation marks, citations, and footnote omitted).

### 1. Eleventh Amendment Immunity

Asserting Eleventh Amendment immunity, these defendants sought dismissal of the plaintiff's claims against them insofar as the plaintiff sued them in their official capacity.

The distinction between personal and official capacity suits was clarified by the U.S. Supreme Court in *Hafer v. Melo, et al*, 502 U.S. 21, 112 S.Ct. 358 (1991). A suit against a state official in his official capacity is treated as a suit against the state. *Id.*, 502 U.S. at 25, 112 S.Ct. at 361, *citing Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105 (1985). Because the real party in interest in an official-capacity suit is the governmental entity and not the named individual, the "entity's `policy or custom' must have played a part in the violation of federal law." *Graham, supra*, at 166, 105 S.Ct. at 3105.

Personal capacity suits, on the other hand, seek to impose individual liability upon a government officer for actions taken under of color of state law. A showing that the official, acting

3

under color of state law, caused the deprivation of a federal right is enough to establish personal liability in a § 1983 action. *Hafer*, 502 U.S. at 25, 112 S.Ct. at 362.

*Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989), makes it clear that the distinction between official-capacity suits and personal-capacity suits is more than a "mere pleading device." An officer sued in his personal capacity comes to court as an individual. However, a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official capacity actions for prospective relief are not treated as actions against the state. *Will*, 491 U.S. at 71, 109 S.Ct. at 2311, n. 10, *quoting Kentucky v. Graham*, 473 U.S. at 167, 105 S.Ct. at 3106, n. 14.

Therefore, the plaintiff may recover money damages against the defendants insofar as the defendants were sued in their individual capacity for actions taken by them under color of state law which caused the deprivation of the plaintiff's constitutional rights. Insofar as the plaintiff sought prospective injunctive relief against the defendants in their official capacity, his official capacity claim is also actionable under § 1983.

### 2. Qualified Immunity

Defendants argued that they are entitled to qualified immunity because their conduct did not violate any of the plaintiff's clearly established constitutional or statutory rights of which a reasonable person would have known.

Although they had not yet been served at the time the Fifth Circuit Court of Appeals issued its earlier opinion vacating this court's dismissal of the plaintiff's complaint,[3] the defendants' argument that the complaint fails to state a claim upon which relief can be granted has already been rejected by the appellate court.  *See, Robert Howard v. Kathleen B. Blanco, et al*, No. 07-30046.  After examining the allegations in the plaintiff's complaint, the appellate court held: "Considering the above authorities, relevant Louisiana statutory provisions, and the allegation of Howard's complaint, we have determined that Howard has stated a claim on which relief can be granted."  *Id.* at p. 3.  This court does not have the authority to now make a contrary determination.  *Chevron U.S.A., Inc. V. Traillour Oil Co.*, 987 F.2d 1138, 1150 (5th Cir. 1993) (the law of the case doctrine generally precludes the reexamination of issues decided on appeal, either by the district court on remand or by the appellate court itself on subsequent appeal).

## RECOMMENDATION

It is the recommendation of the magistrate judge that the defendants' motions to dismiss be denied.

Baton Rouge, Louisiana, May 14, 2008.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[3] See record document number 16.

5