UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROBERT HOWARD (#80968)

VERSUS                                          CIVIL ACTION

KATHLEEN B. BLANCO, ET AL                       NUMBER 06-612-RET-SCR


**NOTICE**

  Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
  In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

  ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

  Baton Rouge, Louisiana, December 4, 2009.

            /s/ Stephen C. Riedlinger
            STEPHEN C. RIEDLINGER
            UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROBERT HOWARD (#80968)

VERSUS                                            CIVIL ACTION

KATHLEEN B. BLANCO, ET AL                         NUMBER 06-612-RET-SCR

MAGISTRATE JUDGE'S REPORT

Before the court is the Motion for Summary Judgment filed by defendants Larry Clark, Eugene "Pop" Hataway, Clement LaFleur, Jr., Kenneth A. Jones, Henry W. Powell and Gov. Bobby Jindal . Record document number 72.  The motion is opposed.[1]

Plaintiff Robert Howard, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Larry Clark, Eugene "Pop" Hataway, Clement LaFleur, Jr., Kenneth A. Jones, Henry W. Powel, Gov. Bobby Jindal, Louisiana Department of Public Safety and Corrections Secretary James M. LeBlanc and Warden N. Burl Cain.[2]  Plaintiff alleged that

---

[1] Record document number 75. Defendants filed a reply memorandum.  Record document number 79.

[2] In the plaintiff's original pro se Complaint, he named former Gov. Kathleen B. Blanco, former Louisiana Department of Public Safety and Corrections Secretary Richard L. Stalder, Warden N. Burl Cain, and Louisiana Pardon Board Chairman Ronald Cox as defendants. Record document number 1.  After obtaining counsel, the plaintiff amended his complaint to name as defendants Warden Cain and the current governor, Louisiana Department of Public Safety and Corrections secretary and Parole Board members. Record document number 43, Amended Complaint.

the retroactive application of laws, policies and practices enacted after his 1968 and 1975 convictions violate the ex post facto clauses of both the United States and Louisiana constitutions by effectively altering or extending his prison term.

Plaintiff alleged that because the 1974 Louisiana Constitution changed the procedure by which a prisoner is considered for commutation of sentence, the retroactive application of the 1974 Louisiana Constitution to a prisoner sentenced prior to the effective date of the 1974 Louisiana Constitution violates the ex post facto clauses of the United States and Louisiana constitutions. Plaintiff further alleged that the retroactive application of laws, policies and practices relating to commutation of sentence enacted between 1992 and 2004 also violate the ex post facto clauses.

Defendants Larry Clark, Eugene "Pop" Hataway, Clement LaFleur, Jr., Kenneth A. Jones, Henry W. Powell and Gov. Bobby Jindal moved for summary judgment[3] relying on a statement of undisputed facts, the results of Administrative Remedy Procedure LSP-2005-4118 and a copy of a letter to the plaintiff dated January 27, 1997 from Sally L. McKissack, Chairman of the Board of Pardons.

Defendants moved for summary judgment on the ground that the plaintiff's claims are prescribed. Specifically, the defendants argued that any cause of action based on changes to Louisiana

---

[3] Defendant Warden Cain was not included in this motion.

parole procedures which were not in effect in 1968 and 1971 is prescribed.  Defendants reasoned that the limitations period began to run in 1979, the date the plaintiff knew he was proceeding under procedures enacted as a result of the 1974 Louisiana Constitution. Defendants argued that by the time the plaintiff filed his suit on August 24, 2006, more than one year of the limitations period elapsed.

### Summary judgment standard and applicable law

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Rule 56, Fed.R.Civ.P.  Supporting affidavits must set forth facts which would be admissible in evidence.  Opposing responses must set forth specific facts showing that there is a genuine issue for trial.  Rule 56(e).

Statutes of limitations exist to protect defendants against stale claims. *See, e.g., Order of R.R. Telegraphers v. Ry. Express Agency*, 321 U.S. 342, 348-49 (1944) ("The theory is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them.") Limitation periods are "designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories

3

have faded, and witnesses have disappeared." *American Pipe and Constr. Co. v. Utah*, 414 U.S. 538, 554, 94 S.Ct. 756 (1974).

It is well settled that in § 1983 cases, federal courts look to the most consonant statute of limitations of the forum state. *Owens v. Okure*, 488 U.S.235, 109 S.Ct. 573 (1989); *Kitrell v. City of Rockwall*, 526 F.2d 715, 716 (5th Cir.), *cert. denied*, 426 U.S. 925, 96 S.Ct. 2636 (1976). For § 1983 cases brought in Louisiana federal courts, the appropriate statute of limitations is one year. Louisiana Civil Code Article 3492; *Elzy v. Roberson*, 868 F.2d 793 (5th Cir. 1989); *Washington v. Breaux*, 782 F.2d 553 (5th Cir. 1986); *Kissinger v. Foti*, 544 F.2d 1257, 1258 (5th Cir. 1977). Under federal law, a cause of action under § 1983 accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980); *Longoria v. City of Bay City, Texas*, 779 F.2d 1136 (5th Cir. 1986). The limitations period begins to run when the plaintiff either is or should be aware of both the injury and its connection with the alleged acts of the defendants. *Id*. The limitation period applies to claims by prisoners based on an alleged violation of the ex post facto clause. *Porter v. Ray*, 461 F.3d 1315, 1323 (11th Cir. 2006; *Brown v. Georgia Bd. of Pardons & Paroles*, 335 F.3d 1259 (11th Cir. 2003); *Lovett v. Ray*, 327 F.3d 1181 (11th Cir. 2003).

The continuing violations doctrine, which typically arises in

4

the context of employment discrimination, relieves the plaintiff of a limitations bar if he can show a series of related acts to him, one or more of which falls within the limitations period. *Frame v. City of Arlington*, 575 F.3d 432, 438 (5th Cir. 2009).

A continuous violation exists if: (1) the defendants engaged in continuing wrongful conduct; (2) injury to the plaintiff accrued continuously; and (3) had the defendants at any time ceased their wrongful conduct, further injury would have been avoided. *Broom v. Strickland*, 579 F.3d 553, 555 (6th Cir. 2009). A continuing violation is occasioned by continual unlawful acts, not continual ill effects from an original violation. *Id*.

## Analysis

Plaintiff was indicted for murder in 1968 by an Orleans Parish grand jury, pled guilty and received a sentence of life imprisonment. In 1975 the plaintiff was found guilty of murder for the 1971 killing of another inmate while incarcerated at the state penitentiary.

It is undisputed that under the 1921 Constitution, the governor had authority to grant pardons and commutations of sentence upon the recommendations of the Lieutenant Governor, the Attorney General, and the judge who presided over the conviction.[4] In 1974, Louisiana adopted a new constitution and created a Board

---

[4] La. Const. of 1921, art. V, § 10.

of Pardons.[5]  Under the 1974 Louisiana Constitution, the governor has authority to grant pardons and commutations upon the recommendation of the Board of Pardons.[6]

It is also undisputed that in 1979, pursuant to the procedures established as a result of the 1974 Louisiana Constitution, the plaintiff applied to the Pardon Board - rather than the Lieutenant Governor, the Attorney General, and the judge who presided over his conviction - seeking a commutation of his sentence.[7]  Plaintiff made similar applications to the Pardon Board in 1988, 1990, 1996 and 2002.[8]  In addition, in 2005, the Pardon Board automatically reconsidered the plaintiff's application.[9]

The record evidence showed that the plaintiff knew or should have known of the retroactive application of the 1974 Louisiana Constitution to his sentence as early as 1979, the date he complied with the amendments by submitting his request for commutation of sentence to the Pardon Board rather than the Lieutenant Governor, the Attorney General, and the judge who presided over his

---

[5] La. Const. of 1974, Art. IV § 5E.

[6] See also LSA-R.S. 15:572 et seq., which established the procedures to be followed by the Board of Pardons.  A prisoner has the same statutory right to apply to the proper reviewing authority for executive clemency.

[7] Amended Complaint, ¶ 35.

[8] *Id*. ¶¶ 37, 38, 40 and 41.

[9] *Id*. ¶ 45.

conviction as required under the 1921 Constitution.

Similarly, the plaintiff knew or should have known of the retroactive application of laws, policies and practices relating to commutation of sentence enacted between 1992 and 2004 when he reapplied for commutation of sentence in 1996 and 2002 and was automatically reconsidered by the Pardon Board prior to August 15, 2005.[10]

Consequently, the plaintiff's claims regarding the retroactive application of the 1974 Louisiana Constitution accrued in 1979. In addition, the plaintiff's claims regarding the retroactive application of laws, policies and practices relating to commutation of sentence enacted between 1992 and 2004 accrued no later than August 15, 2005. Plaintiff signed his complaint on August 9, 2006, and it was filed on August 24, 2006. Therefore, the plaintiff's claims which arose prior to August 9, 2005, i.e. claims based on actions by the defendants before that date, are prescribed.[11]

---

[10] Plaintiff did not allege the specific date he was automatically reconsidered by the Pardon Board in 2005. Plaintiff did allege that the Pardon Board denied his application shortly before he sent a letter to Warden Cain requesting that he submit a recommendation of commutation pursuant to the 1921 Louisiana Constitution. Amended Complaint, ¶¶ 45, 46. Although the plaintiff's letter was not introduced, the response to his letter is attached as an exhibit to the defendants' motion for summary judgment. Record document number 72, attachment 4, exhibit B. The memorandum response is dated August 15, 2005.

[11] The court rejects the plaintiff's argument that the defendants' motion for summary judgment must be denied until the plaintiff has completed discovery on the grounds that the plaintiff
(continued...)

Plaintiff argued that his claims are not prescribed because the defendants' actions constitute a continuing violation for the purposes of his ex post facto claim. Specifically, the plaintiff argued that the "continuous, cumulative, synergistic nature" of the conduct alleged warrants tolling of the prescriptive period. The gist of the plaintiff's argument is that his claims are not prescribed because the "cumulative effect" of the changes to the pardon process represent a distinct harm that did not accrue before 2005. There is no support for this argument.

Plaintiff did not allege "continual unlawful acts," but rather challenged the effects of the enactment of new commutation procedures following the adoption of the 1974 Louisiana Constitution and other modifications to commutation procedures enacted between 1992 and 2004. The procedures were in effect and utilized by the plaintiff as early as 1979. The retroactive application to the plaintiff of each amendment to the commutation procedures constituted a discrete act, thereby immediately triggering the limitations period.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the Motion for Summary judgment filed by defendants Larry Clark, Eugene

---

[11](...continued)
"cannot present facts essential to justify [his] opposition." No amount of discovery will alter the relevant dates.

"Pop" Hataway, Clement LaFleur, Jr., Kenneth A. Jones, Henry W. Powell and Gov. Bobby Jindal defendants' be granted in part, dismissing all of the plaintiff's claims which arose prior to August 9, 2005.  It is further recommended that in all other respects the defendants' motion for summary judgment be denied.

Baton Rouge, Louisiana, December 4, 2009.

                                            _____
                                            STEPHEN C. RIEDLINGER
                                            UNITED STATES MAGISTRATE JUDGE