UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROBERT HOWARD (#80968)

VERSUS                                               CIVIL ACTION

KATHLEEN B. BLANCO, ET AL                            NUMBER 06-612-RET-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, March 5, 2010.

                                               STEPHEN C. RIEDLINGER
                                               UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROBERT HOWARD (#80968)

VERSUS                                              CIVIL ACTION

KATHLEEN B. BLANCO, ET AL                           NUMBER 06-612-RET-SCR

SUPPLEMENTAL MAGISTRATE JUDGE'S REPORT

A magistrate judge's report was issued on December 4, 2009, recommending that the defendants' motions for summary judgment be granted in part, dismissing all of the plaintiff's claims which arose prior to August 9, 2005, and in all other respects the defendants' motion for summary judgment be denied.[1]

Plaintiff filed a motion for clarification of the magistrate judge's report and recommendation[2] to which the defendants filed a response.[3]

Plaintiff sought clarification of the report and recommendation on two specific issues: (1) whether the time period during which the plaintiff's administrative grievance was pending was excluded in calculating the prescriptive period; and, (2) whether a claim based on the laws and procedures enacted between 1992 and 2004, where the plaintiff can show that reason to know of

---

[1] Record document number 90.

[2] Record document number 91.

[3] Record document number 94.

the injury from the application of these laws did not occur until 2005, survives.

For purposes of clarification, the standard set forth in *Harris v. Hegmann*,[4] is applicable to the facts of this case. Taking into account the 191 days in which the limitations period was tolled during the pendency of ARP LSP-2005-4118, all claims which arose prior to January 30, 2005, are prescribed.[5]

For further clarification, the only claim which is not prescribed is the plaintiff's claim arising out of his March 15, 2005, clemency application and the ex post facto application of the clemency statutes in effect at that time to his clemency application.

## RECOMMENDATION

For the reasons set forth in the December 4, 2009, magistrate

---

[4] 198 F.3d 153 (5th Cir. 1999).

[5] The First Step Response of ARP LSP-2005-4118 was issued on January 17, 2006, the Second Step Response was issued on February 22, 2006, and the plaintiff received the Second Step Response on March 3, 2006.
Between August 24, 2005, the date the plaintiff filed the ARP, and March 3, 2006, the date the plaintiff received the Second Step Response, the limitations period was tolled for 191 days.  The court will assume, without deciding, that the limitations period extends to when the plaintiff received the Second Step Response, rather than when it was issued by the Secretary. This time difference of nine days has no effect on the outcome of the defendant's motion.
Plaintiff signed his complaint on August 9, 2006, and it was filed on August 24, 2006.  Under the prison mailbox rule, the plaintiff's complaint will be considered filed on August 9, 2006. *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S.Ct. 2379 (1988).

judge's report, as supplemented herein, it is the recommendation of the magistrate judge that the defendants' motions for summary judgment be granted in part, dismissing all of the plaintiff's which arose prior to January 30, 2005, and in all other respects the defendants' motion for summary judgment be denied.

Baton Rouge, Louisiana, March 5, 2010.

　　　　　　　　　　　　　　　　STEPHEN C. RIEDLINGER
　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE